**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 96-1230**

─────────

JENNIFER MICHELLE FOGEL,

                              Plaintiff - Appellant,

        and

VICKI DENISE FOGEL,

                              Plaintiff,

        versus

TWO UNKNOWN EMPLOYEES OF THE MORALE, WELFARE &
RECREATION DEPARTMENT, Marine Corps Air Sta-
tion, Cherry Point, North Carolina; UNITED
STATES OF AMERICA,

                              Defendants - Appellees.

─────────

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  Malcolm J. Howard,
District Judge.  (CA-94-40-H1)

─────────

Argued:  May 6, 1997            Decided:  May 30, 1997

─────────

Before RUSSELL and HALL, Circuit Judges, and Joseph F. ANDERSON,
Jr., United States District Judge for the District of South
Carolina, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** David Peter Voerman, DAVID P. VOERMAN, P.A., New Bern, North Carolina, for Appellant. Barbara Dickerson Kocher, Assistant United States Attorney, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Raleigh, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jennifer Fogel appeals the order granting judgment after a bench trial to the United States[*] in this negligence action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.; she also appeals the order denying reconsideration of the judgment. We agree with the district court that, under the premises liability law of North Carolina, an intervening criminal act of a third party breaks the chain of causation between the negligence of the premises owner and the injury caused by the criminal act, except in three narrowly defined circumstances not present in this case. Accordingly, we affirm on the reasoning of the district court. Fogel v. United States, CA-94-40-H1 (E.D.N.C. Nov. 28, 1995) ("Order").

AFFIRMED

---

[*] Fogel sued both the United States and "Two Unknown Employees of the Morale, Welfare & Recreation Department, Marine Corps Air Station, Cherry Point, North Carolina," and we are unable to find that these "unknown employees" were ever formally dismissed from the case. The United States has never disputed that these "unknown employees," whose identities became known but who were never added as parties, were acting within the scope of their federal employment when the events constituting the alleged negligence occurred. Under 28 U.S.C. § 2679(d)(1), the United States should have been the only defendant below. However, this case has always proceeded as if the United States was indeed the only defendant. For example, the district court's memorandum orders include only the United States in the caption, and the defendant is referred to throughout as the United States or "the government."

3